**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2011

Lyle W. Cayce
Clerk

No. 10-31227
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN WHITTINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-211-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kevin Whittington appeals his 37-month sentence imposed following his guilty plea conviction for possession with intent to distribute five grams or more of cocaine base. Whittington argues that his sentence was substantively unreasonable because the district court denied his request for a downward variance and imposed a guidelines sentence without considering his background and the circumstances leading to the commission of the crime. He contends that he showed that his 37-month sentence was greater than necessary to achieve the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes of 18 U.S.C. §3553(a).  Whittington further asserts that the district court's rejection of the downward variance was incorrectly based on his abuse of his position as a deputy sheriff because that factor was considered in the two-level enhancement of his offense level pursuant to U.S.S.G. § 3B1.3.

The appellate court considers the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007)  A sentence that falls within the applicable guidelines range "is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The district court considered Whittington's mitigating arguments and acknowledged his expressions of remorse.  However, the district court determined that it could not ignore that Whittington committed this offense while employed as a deputy sheriff, a position which required him to maintain law and order in the jail.  The district court's consideration of Whittington's abuse of a position of trust was valid, although it was a factor in determining his offense level, because the district court was required to give consideration to all § 3553(a) factors, including the nature and circumstances of the offense. § 3553(a)(1); *cf. United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

The district court also recognized that Whittington's family would experience hardship in light of his incarceration, but pointed out that is a common occurrence when individuals are incarcerated.  It also rejected his argument that it should rely on a 1-1 ratio of crack to powder in determining the offense level.  The district court clearly considered Whittington's arguments for a downward variance and the § 3553(a) factors in imposing a sentence at the bottom of the sentencing guidelines range.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir. 2008).

Whittington has failed to overcome the presumption of reasonableness afforded his sentence.  *See Alonzo*, 435 F.3d at 554.  He has failed to show that

the district court abused its discretion at sentencing.   The sentence is AFFIRMED.